IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**FEDERAL INSURANCE COMPANY,**

    **Plaintiff,**

      v.                               **Case No. 2:22-cv-2267**
                                            **Magistrate Judge Elizabeth P. Deavers**

**NANOSCIENCE INSTRUMENTS,
INC.,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant Nanoscience Instruments, Inc., Motion to Compel Fed. Civ. Rule 26(a)(1)(A) Responses from Plaintiff.  (ECF No. 15 (the "Motion to Compel").)  On October 31, 2022, Plaintiff filed a Response in Opposition to the Motion to Compel.  (ECF No. 18.)  On November 14, 2022, Defendant Nanoscience Instruments, Inc. ("Nanoscience") filed a Reply brief.  (ECF No. 19.)  For the following reasons, the Motion to Compel is **GRANTED IN PART AND DENIED IN PART**.

**I.**

Federal Rule of Civil Procedure 26(a) sets forth several required disclosures by the parties.  Fed. R. Civ. P. 26(a).  For example, Rule 26(a)(1)(A) requires that a party must, without awaiting a discovery request, turn over to the other party, "a copy . . . of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment."  Fed. R. Civ. P. 26(a)(1)(A)(ii).  Additionally, each party in their initial disclosures is required to provide "a computation of each category of damages," Fed.

R. Civ. P. 26(a)(1)(A)(iii), based on the information reasonably available to it, Fed. R. Civ. P. 26(a)(1)(E).  The party must also disclose documents on which the calculation is based.  Fed. R. Civ. P. 26(a)(1)(A)(iii).  If a party fails to turn over Rule 26(a) material, the other party may move to compel disclosure.  Fed. R. Civ. P. 37(a)(3)(A).[1]

## II.

Applying the foregoing authority, the Court turns to the Motion to Compel.  Here, Nanoscience seeks "an order [from] the Court that Plaintiff immediately come into compliance with [Federal Rule of Civil Procedure] 26(a)(1)(A)."  (ECF No. 15 at PAGEID # 81.)  Specifically, Nanoscience identifies two deficiencies in Plaintiff's initial disclosures: Nanoscience contends first that Plaintiff has violated Rule 26(a)(1)(A)(ii) by failing to provide documents "that in any way supports its claims"; and second, that Plaintiff has violated Rule 26(a)(1)(A)(iii) by failing to provide "a computation of each category of damages claimed."  (*Id.* at PAGEID ## 79-80.)  Then, in its Reply brief, Nanoscience argues that Plaintiff also should be compelled to produce "several reports solicited by Plaintiff and obtained throughout Plaintiff's investigation of the fire."  (ECF No. 19 at PAGEID ## 107-108.)  The Court will address each of Nanoscience's requests below, beginning with its request for Plaintiff's damages computation.

**1.      Plaintiff's Damages Computation.**

Nanoscience's first request, for Plaintiff's damages computation, appears to have been resolved.  On October 26, 2022, Plaintiff produced 2,480 pages of documents in response to the

---

[1] Federal Rule of Civil Procedure 37 permits a party to file a motion for an order compelling a disclosure, provided that the motion to compel includes a certification that the movant has, in good faith, conferred or attempted to confer with the party failing to respond to the requests.  Fed. R. Civ. P. 37(a)(1).  Here, the Court is satisfied that this prerequisite has been satisfied, as Nanoscience detailed its efforts to resolve the subject dispute in lieu of the subject Motion and attached the related correspondence.  (*See* ECF Nos. 15-2, 15-3, 15-4, 15-5.)

Motion to Compel. (ECF No. 18 at PAGEID # 100.) Nanoscience then reported to the Court that Plaintiff's document production "satisfied Plaintiff's [Rule] 26(a)(1)(A)(iii) burden concerning the computation of damages, **only**." (ECF No. 19 at PAGEID # 102 (emphasis in original); *see also* ECF No. 19-1 at PAGEID # 110 ("[W]e are able to acknowledge that [Plaintiff] has satisfied its [Rule] 26(a)(1)(A)(iii) disclosure burden, **only**.") (emphasis in original).) Accordingly, the Motion to Compel is **DENIED** as to Nanoscience's request for Plaintiff's damages computation.

**2. Documents Supporting Plaintiff's Claims.**

Unfortunately, it is unclear whether Plaintiff's October 26, 2022 production also has resolved Nanoscience's second request for documents supporting Plaintiff's claims. Despite Plaintiff's contention that its production renders the Motion to Compel moot, Nanoscience maintains that it "reviewed the documents and did not find anything that pointed to an act or omission of Nanoscience that caused or contributed to the fire." Nanoscience then "[re]iterates the need for documents in Plaintiff's possession that in any way supports its claims." (ECF No. 19 at PAGEID ## 104-105.)

Notwithstanding Plaintiff's conclusory argument that it "has complied with Rule 26 and provided all responsive, non-privileged documents," the Court notes that Plaintiff has wholly failed to respond to Nanoscience's legal arguments as set forth in the Motion to Compel. (ECF No. 18 at PAGEID # 100.) Instead of arguing how the Motion to Compel was not warranted, Plaintiff merely stated that the underlying issues have been resolved. (*Id.*) But the Court is not so sure. Accordingly, in the absence of any opposition, the Motion to Compel is well taken. The Court notes, however, that in the correspondence attached to Nanoscience's Reply, Nanoscience "invite[d] [Plaintiff] to indicate, and cite by bates number, which of the 2,480 pages lends

support to any claims against Nanoscience." (*Id.* at PAGEID # 111.) It is unclear how Plaintiff responded to this invitation (if at all), but the Court believes that it is the prudent course of action at this juncture.

Accordingly, the Motion to Compel is **GRANTED** as to Nanoscience's request for documents supporting Plaintiff's claims as follows:

- Plaintiff is **DIRECTED** to indicate, with citations to bates numbers, which documents support its claims as stated in Paragraph 16 of the Complaint, that "Nanoscience committed one or more of the following acts or omissions in performing retooling at the business: (a) Failed to ascertain the Subject Product would be safe to use; (b) Failed to use proper care in retooling the electrical panel of the Subject Product; (c) Failed to confirm the retooling had been done properly to the electrical panel of the Subject Product; (d) Failed to check the work performed before leaving the premises; and (e) Was otherwise negligent." (*See* ECF No. 4 at PAGEID # 28, ¶ 16.)

- Plaintiff is **FURTHER DIRECTED** to indicate, with citations to bates number(s), which documents support its claims as stated in Paragraph 17 of the Complaint, that "[a]s a direct and proximate result of one or more of [Nanoscience's] negligent acts or omissions . . . a fire occurred at Nanofiber's property and caused substantial damages." (*See id.* at ¶ 17.)

- To the extent Plaintiff does not, or cannot, identify any documents, Plaintiff is **FURTHER DIRECTED** to produce such documents within **FOURTEEN (14) DAYS** of the date of this Order.

3. **Plaintiff's Privilege Log and Expert Reports.**

Finally, Nanoscience also used its Reply brief to advocate for the revision of Plaintiff's privilege log and the supplemental production of expert reports which it states "were created pursuant to [Plaintiff's] investigation and are referenced throughout [Plaintiff's] document production." (ECF No. 19 at PAGEID ## 105-108.) While these requests may be related to the issues underlying the Motion to Compel, the Court finds that they are beyond the scope of the Motion to Compel and therefore are inappropriate for the Court to resolve at this time. *Bishop v. Oakstone Academy*, 477 F. Supp. 2d 876, 889 (S.D. Ohio 2007) ("[I]t is well established that a moving party may not raise new issues for the first time in its reply brief."). Accordingly, Nanoscience's requests for Plaintiff to revise its privilege log and to produce the subject expert reports are **DENIED WITHOUT PREJUDICE** as premature. The parties are **DIRECTED** to **MEET AND CONFER** on these issues before either side brings them to the Court's attention again, pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37.1.

## III.

Accordingly, for the reasons set forth above, Defendant Nanoscience Instruments, Inc., Motion to Compel Fed. Civ. Rule 26(a)(1)(A) Responses from Plaintiff, ECF No. 15, is **GRANTED IN PART AND DENIED IN PART**. The Court **ORDERS** as follows:

- The Motion to Compel is **DENIED** as to Nanoscience's request for Plaintiff's damages computation.

- The Motion to Compel is **GRANTED** as to Nanoscience's request for documents supporting Plaintiff's claims as follows:

    o Plaintiff is **DIRECTED** to indicate, with citations to bates numbers, which documents support its claims as stated in Paragraph 16 of the

    Complaint, that "Nanoscience committed one or more of the following acts or omissions in performing retooling at the business:  (a) Failed to ascertain the Subject Product would be safe to use; (b) Failed to use proper care in retooling the electrical panel of the Subject Product; (c) Failed to confirm the retooling had been done properly to the electrical panel of the Subject Product; (d) Failed to check the work performed before leaving the premises; and (e) Was otherwise negligent."  (*See* ECF No. 4 at PAGEID # 28, ¶ 16.)

- o Plaintiff is **FURTHER DIRECTED** to indicate, with citations to bates number(s), which documents support its claims as stated in Paragraph 17 of the Complaint, that "[a]s a direct and proximate result of one or more of [Nanoscience's] negligent acts or omissions . . . a fire occurred at Nanofiber's property and caused substantial damages."  (*See id.* at ¶ 17.)
- o To the extent Plaintiff does not, or cannot, identify any documents, Plaintiff is **FURTHER DIRECTED** to produce such documents within **FOURTEEN (14) DAYS** of the date of this Order.

Finally, Nanoscience's requests for Plaintiff to revise its privilege log and to produce certain expert reports are **DENIED WITHOUT PREJUDICE**.  The parties are **DIRECTED** to **MEET AND CONFER** on these issues before either side brings them to the Court's attention again pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37.1.

  **IT IS SO ORDERED.**

**Date: December 29, 2022**        */s/ Elizabeth A. Preston Deavers*
                     **ELIZABETH A. PRESTON DEAVERS**
                     **UNITED STATES MAGISTRATE JUDGE**