IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**FEDERAL INSURANCE COMPANY,**

    **Plaintiff,**

    v.                                      **Case No. 2:22-cv-2267**
                                                      **Magistrate Judge Elizabeth P. Deavers**

**NANOSCIENCE INSTRUMENTS,
INC.,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

With the consent of the parties and by Order of Reference (ECF No. 13), pursuant to 28 U.S.C. § 636(c), this matter is before the Court for consideration of Defendant Bioinicia's Motion to Dismiss and Incorporated Memorandum of Law. (ECF No. 24 (the "Motion to Dismiss").) For the reasons that follow, the Motion to Dismiss (ECF No. 24) is **GRANTED**, but Plaintiff is **GRANTED LEAVE** to **AMEND** the Complaint within **FOURTEEN (14) DAYS** of the date of this Opinion and Order.

### I.    BACKGROUND

Plaintiff Federal Insurance Company A/S/O Nanofiber Solutions, Inc. initiated this action in the Franklin County Court of Common Pleas on April 26, 2022, asserting subrogation claims against Defendants Nanoscience Instruments, Inc. ("Nanoscience") and Bioinicia S.L. ("Bioinicia")[1] related to a machine (the "Subject Product") which allegedly caught on fire and injured Plaintiff's insured, Nanofiber Solutions, Inc. ("Nanofiber"), in April 2020. (ECF No. 4.)

---

[1] Plaintiff improperly identified Bioinicia S.L. as "Bioinicia" in its Complaint. (ECF No. 4.) Bioinicia S.L. refers to itself as "Bioinicia" throughout the subject briefing, however, so for consistency and ease of reference the Court will do the same.

On May 26, 2022, Nanoscience removed the case to this Court. (ECF No. 1.) On December 21, 2022, Bioinicia filed the subject Motion to Dismiss, generally arguing that Plaintiff's claim against it "includes nothing more than a formulaic recitation of certain elements of the respective causes of action." (ECF No. 24.) On January 11, 2023, Plaintiff filed a response, generally arguing that the Complaint sufficient alleges the legal elements for each of the four theories of its products liability claim against Bioinicia. (ECF No. 27 (the "Opposition").) On January 25, 2023, Bioinicia filed a reply brief, generally restating its position that Plaintiff's allegations "do not meet the minimum pleading standards." (*Id.*) The Motion to Dismiss is thus fully briefed and ripe for judicial review.

## II. STANDARD OF REVIEW

Bioinicia moves to dismiss the subject Complaint under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 26.) To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a plaintiff must satisfy the basic federal pleading requirements set forth in Rule 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) (emphasis in original) (internal citations omitted).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a

complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint"; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz–Craft Corp of Mich., Inc*., 491 F. App'x. 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

### III.    ANALYSIS

A.    **Plaintiff's Products Liability Claim.**

Here, Plaintiff alleges four separate bases for its "Products Liability" claim against Bioinicia: (1) that the Subject Product was "defective in manufacture" pursuant to Ohio Revised Code § 2307.74; (2) that the Subject Product was "defective in design" pursuant to Ohio Revised

3

Code § 2307.75; (3) that the Subject Product was "defective due to inadequate warning" pursuant to Ohio Revised Code § 2307.776; and (4) that the Subject Product "failed to conform to [Bioinicia's representations]" pursuant to Ohio Revised Code § 2307.77. (*See* ECF No. 4 at PAGEID # 30, ¶ 26.) In the subject Motion to Dismiss, Bioinicia argues that Plaintiff has failed to sufficiently plead any of these four alternative theories of recovery, so Plaintiff's claim should be dismissed for failure to state a claim. (ECF No. 24 at PAGEID ## 138-146.) The Court will discuss each of Plaintiff's theories in turn.

   1. **Manufacturing Defect.**

First, the parties agree that, at a minimum, Plaintiff must allege the following facts to state its manufacturing defect claim: (1) that Defendant manufactured the Subject Product; (2) that the Subject Product was used by Nanofiber; (3) that the Subject Product failed while being used by Nanofiber; and (4) that the portion of the Subject Product that failed could be identified and is so identified in the Complaint. *See Grubbs v. Smith & Nephew, Inc.*, No. 1:19-CV-248, 2020 WL 5305542, at *4 (S.D. Ohio Sept. 4, 2020) (quoting *Barreca v. AngioDynamics*, *Inc.*, No. 4:15-CV-1111, 2015 WL 5085260, at *3 (N.D. Ohio Aug. 27, 2015). This Court also has noted, however, that "formulaic recitations of the elements do not suffice to adequately plead claims for manufacturing and warrant dismissal." *Id.* at *4 (citing *Frey v. Novartis Pharm. Corp.*, 642 F.Supp.2d 787, 795 (S.D. Ohio 2009)). Beyond these pleading requirements, the Ohio Products Liability Act also provides that "[a] product is not defective . . . if, at the time the product left the control of its manufacturer, a practical and technically feasible alternative design or formulation was not available that would have prevented the harm[.]" *See* Ohio Rev. Code § 2307.75(F).

Against this background, Plaintiff argues that the following four allegations "satisfy the specific requirements" for its manufacturing defect claim:

- "At some point prior to April 27, 2020, Nanoscience was engaged by Nanofiber to retool the Subject Product so that it was equipped to make N95 masks";

- "On April 27, 2020 . . . the recently converted machine caught on fire in the electronic panel portion of the machine";

- "Bioinicia designed and/or manufactured, distributed and/or sold in the ordinary course of its business the Subject Product"; and

- ". . . the Subject Product was being used in a foreseeable and reasonably anticipated manner such that Bioinicia should have reasonably known such use."

(ECF No. 27 at PAGEID # 160 (citing ECF No. 4 at PAGEID ## 22, 29, ¶¶ 8-9, 21-22.)  In response, Defendant maintains that these allegations are insufficient because Plaintiff "does not allege that the [Subject Product] failed while being used by [Nanofiber], [or] that the portion of the product that failed could be identified and is so identified in the [C]omplaint."  (ECF No. 33 at PAGEID # 182.)

Defendant's arguments are well taken, at least insofar as Plaintiff has failed to allege that the Subject Product failed while being used by Nanofiber.  *See Grubbs*, 2020 WL 5305542, at *4 ("[A]t a minimum, courts have required allegations that . . . the product failed while being used by the plaintiff[.]").  Generously construing Plaintiff's Complaint, the Court discerns that "the electronic panel portion of the machine" was the allegedly defective part, but the Court cannot find any allegation that the Subject Product failed while Nanofiber was using it.

### 2. Design Defect.

"To establish a design defect claim, a plaintiff must prove that the product had a design defect, this defect existed when the product left the manufacturer's control, and the defect proximately caused the injury for which recovery is sought. *Ace Am. Ins. Co. v. Gerling & Assocs., Inc.*, No. 2:19-CV-5627, 2022 WL 4468584, at *4 (S.D. Ohio Sept. 26, 2022) (citing *Miller v. Uniroyal Technology Corp.*, 35 Fed. Appx. 216, 222 (6th Cir. 2002) (citing O.R.C. § 2307.75(A))). "As with manufacturing defect claims, design defect claims require that the complaint contain factual allegations as to which portions of the product failed." *Grubbs*, 2020 WL 5305542, at *5 (citing cases).

Against that background, Defendant argues that "[n]owhere does the Complaint identify which portions of the [Subject Product] purportedly failed, nor does the Complaint identify how the [Subject Product] was defectively designed, other than to claim Bioinicia failed to warn unidentified 'potential issues,' which is duplicative of its defective warning or instruction claim." (ECF No. 24 at PAGEID # 143.) In response, Plaintiff argues that "[t]he allegations in the complaint specify that the machine was defectively designed, that it caught fire, and that the electronic panel portion of the machine is the area in which the fire originated." (ECF No. 27 at PAGEID # 160.)

Defendant's arguments are again well taken, at least insofar as Plaintiff has failed to allege beyond "threadbare recitals or formulaic recitations" how the Subject Product was defectively designed. *See Grubbs*, 2020 WL 5305542, at *5 (citing *Marcum*, 2013 WL 1867010, at *5). On this point, Plaintiff only includes two relevant allegations: first, that Bioinicia "failed to design, research, develop, inspect, label, market, promote, manufacture, distribute, and sell the Subject Product that was reasonably safe for the purpose for which it was intended," and second,

that the Subject Product was "defective in design." (*See* ECF No. 4 at PAGEID ## 29-30, ¶¶ 23, 26.)  These conclusory, boilerplate statements are exactly the type of allegations which warrant dismissal.  *See Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

### 3. Defective Warnings and/or Instructions.

Next, the parties also agree that to sustain its claim of inadequate or defective warnings and/or instructions under Ohio Revised Code Section 2307.76(A)(1), Plaintiff must sufficiently allege:  (1) a duty to warn against reasonably foreseeable risks; (2) breach of this duty; and (3) an injury that is proximately caused by the breach.  *See Mitchell v. Michael Weinig, Inc.*, No. 2:17-CV-905, 2020 WL 5798043, at *10 (S.D. Ohio Sept. 29, 2020) ("Courts have restated the above statutory language as requiring three elements each of which must be satisfied: (1) a duty to warn against reasonably foreseeable risks; (2) breach of this duty; and (3) an injury that is proximately caused by the breach.") (quoting *Monroe v. Novartis Pharm. Corp.*, 29 F. Supp. 3d 1115, 1125 (S.D. Ohio 2014) (quoting *Graham v. Am. Cyanamid Co.*, 350 F.3d 496, 514 (6th Cir. 2003) (internal quotations omitted))).

Despite these obligations, Plaintiff concedes that the Complaint does not affirmatively allege a "duty."  (ECF No. 27 at PAGEID # 161.)  Instead, Plaintiff points to the following allegations which it believes "amount[] to Bioinicia having a duty to Plaintiff":

- "Bioinicia designed and/or manufactured, distributed and/or sold in the ordinary course of its business the Subject Product"; and

- "At all times relevant herein, the Subject Product was being used in a foreseeable and reasonably anticipated manner such that Bioinicia should have reasonably known such use."

(*Id.* (citing ECF No. 4 at PAGEID # 29, ¶¶ 21-22).) Plaintiff also submits that its allegation that "Bioinicia failed to failed to design, research, develop, inspect, label, market, promote, manufacture, distribute, and sell the Subject Product that was reasonably safe for the purpose for which it was intended" satisfies its requirement to allege a breach of Bioinicia's purported duty. (*Id.* (citing ECF No. 4 at PAGEID # 29, ¶ 23).) Finally, Plaintiff argues that its allegation that Nanofiber sustained damages "as a direct and proximate result of one or more of the aforesaid defective conditions" satisfies the third element of its defective warning claim. (*Id.* (citing ECF No. 4 at PAGEID # 30, ¶ 27).)

The Court finds that these allegations are insufficient to plead a defective warning claim, as Plaintiff again has "merely recite[d] the elements" of its claim. *O.M. Through McConnell v. KLS Martin LP*, 560 F. Supp. 3d 1084, 1090 (N.D. Ohio 2021) ("[S]uch a pleading does not conform to the basic Rule 8 standard."). Indeed, the Complaint fails to allege whether, or how, the Subject Product had any reasonably foreseeable risks (such that there could even be a duty to warn against them in the first place), or how Bioinicia's alleged failure to warn or instruct Nanofiber about any such risks proximately caused any injury. While discovery might be necessary to fill in some of these dots, Plaintiff must do more at the pleading stage to adequately state a claim. *Troyer v. I-Flow Corp.*, No. 1:11-CV-00045, 2011 WL 2517031, at *3 (S.D. Ohio June 23, 2011) ("The admonishment to construe the plaintiff's claim liberally when evaluating a motion to dismiss does not relieve a plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal conclusions.").

    4.    **Failure to Conform to Manufacturer's Representations.**

Finally, under Ohio law, a "product is defective if it did not conform, when it left the control of its manufacturer, to a representation made by that manufacturer." Ohio Rev. Code §

2307.77. Accordingly, to adequately state a claim for failure to conform with the manufacturer's representations, Plaintiff must allege the following:

    (1)    that the manufacturer made a representation as to a material fact concerning the character or quality of the manufacturer's product;

    (2)    that the product did not conform to that representation;

    (3)    that the plaintiff justifiably relied on that representation; and

    (4)    that the plaintiff's reliance on the representation was the direct and proximate cause of the plaintiff's injuries.

*Tomlin v. Smith & Nephew, Inc.*, No. 3:19-CV-354, 2020 WL 5230830, at *2–3 (S.D. Ohio Sept. 2, 2020) (citing *Gawloski v. Miller Brewing Co.*, 96 Ohio App. 3d 160, 165, 644 N.E.2d 731, 734 (1994)).

Plaintiff alleges that the following allegation satisfies all of the elements of its failure to conform claim:

    25.    The Subject Product, at all times relevant herein, was in a defective condition when put to its reasonably anticipated use in that:

        a.    As designed, manufactured, distributed and sold, there was no warning about potential issues with the Subject Product retooling;

        b.    As designed, manufactured, distributed and sold, it started on fire after retooling[.]

(ECF No. 27 at PAGEID # 162 (citing ECF No. 4 at PAGEID # 30, ¶ 25).) Specifically, Plaintiff argues that this allegation "supports Plaintiff's claim for a failure to conform with a manufacturer's representation as an omission," and that it "satisfies the requirement that the omitted representation failed to conform to the representation" [sic]. (*Id.*) Plaintiff further alleges that while it "does not specifically alleged that [Nanofiber] relied upon the omitted representation . . . [Nanofiber's] undertaking to make the modifications and retooling *implies* that it relied upon [Bioinicia's] omitted representation." (*Id.* (emphasis added).)

9

Plaintiff's arguments are misplaced, for multiple reasons.  First, Plaintiff has failed to allege that Bioinicia made any express representations on which Nanofiber possibly could have relied.  *Kenny v. LC Holdings, LLC*, No. 1:18-CV-472, 2018 WL 6676397, at *3 (S.D. Ohio Dec. 18, 2018) ("Where a plaintiff fails to show an express representation, a claim for failure to conform fails.")  (citing cases); *Parker v. Medtronic Sofamor Danek USA, Inc.*, No. 1:20-CV-02456, 2021 WL 4751185, at *3 (N.D. Ohio Oct. 12, 2021) ("Without alleging a specific representation identifying how the product failed to conform, the first amended complaint fails to state a claim.") (citing *Kenny*); *see also* Ohio Rev. Code § 2307.71(A)(14) (Defining "representation" as "an *express* representation of a material fact concerning the character, quality, or safety of a product.") (emphasis added).  Additionally, Plaintiff has failed to allege that Nanofiber even relied on any such representation, and now only argues that the Complaint "implies" Nanofiber's reliance on Bioinicia's "omitted representation," which appears to be an oxymoron under Ohio products liability law.  (ECF No. 27 at PAGEID # 162.)  This is insufficient, as Plaintiff must allege not only that Nanofiber relied on an *express* representation, but also that such reliance was justifiable.  *Tomlin*, 2020 WL 5230830, at *2–3.  Finally, the Court again rejects Plaintiff's boilerplate allegations regarding the proximate cause of Plaintiff's alleged injuries.  Accordingly, the Court agrees with Bioinicia that Plaintiff has failed to state its products liability claim under any of its four proposed theories.

**B.      Applicable Pleading Standard.**

Notwithstanding the above analysis of Plaintiff's claims, the Court must also note that while Plaintiff's allegations may not be sufficient for federal court, Plaintiff filed this action in the Franklin County Court of Common Pleas.  The Franklin County Court of Common Pleas is subject to Ohio's "no set of facts" pleading standard, even after *Twombly* and *Iqbal* heightened

10

the federal pleading standard. *Golden Eagle Res. II, LLC v. Rice Drilling D, LLC*, No. 2:22-CV-02374, 2023 WL 1927799, at *8 (S.D. Ohio Feb. 10, 2023) (citing cases).

Under Ohio's more liberal pleading standard, a complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *O'Brien v. Univ. Cmty. Tenants Union, Inc.*, 327 N.E.2d 242, 245 (Ohio 1975) (quoting *Conley v. Gibson*, 355 U.S. 41, 45 (1957)). To this end, Plaintiff maintains that it is not required "under Ohio procedure" to allege additional fats, implicitly arguing that the Complaint meets Ohio's lower pleading standard. (ECF No. 27.) But as Defendant correctly observes, the Federal Rules of Civil Procedure apply in federal court such that this Court cannot apply Ohio's more liberal pleading standard to the subject Complaint. *See Golden Eagle*, 2023 WL 1927799, at *8 ("The federal rules, including the federal pleading standard, apply equally to cases initiated in federal court as to civil actions that are removed from state court.") (citing Fed. R. Civ. P. 81(c)(1); *Vanhook v. Somerset Health Facilities, LP*, 67 F. Supp. 3d 810, 815–17 (E.D. Ky. 2014) (collecting cases on the impact of *Twombly* and *Iqbal* on cases removed from state court)).

**C.     Leave to Amend.**

Having found that Plaintiff has failed to state its products liability claim against Bioinicia under the applicable federal pleading standard, the Court must then decide whether to dismiss Plaintiff's claim against Bioinicia, as Bioinicia requests, or to grant Plaintiff leave to amend, as Plaintiff requests. (*See* ECF No. 27 at PAGEID # 162 ("In the alternative, if the Court grants Defendant's Motion, Plaintiff requests leave to amend its complaint to cure any defects identified in the Court's Order.").) The trial court enjoys broad discretion in granting leave to file an amended complaint. *Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990).

Under Rule 15 of the Federal Rules of Civil Procedure, a party cannot amend their pleadings without opposing party's written consent or the court's leave, but "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule "reinforces[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)).

"[G]enerally, '[i]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.'" *Brown v. Matauszak*, 415 F. App'x 608, 614 (6th Cir. 2011) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 1483 (3d ed. 2010)). Leave should be denied only where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962).

Here, the Court believes it is likely that Plaintiff will be able to state its products liability claim against Bioinicia under the applicable federal pleading standard.[2] Further, given that this case is in its infancy,[3] the Court finds that no party will be prejudiced by Plaintiff amending its claim against Bioinicia. Given that Defendant Nanoscience has not moved to dismiss Plaintiff's

---

[2] Needless to say, the Court is not opining on the potential merits of Plaintiff's products liability claim, should Plaintiff adequately amend its Complaint.

[3] While the Court initially ordered for discovery to be completed by May 1, 2023 (ECF No. 12), on February 9, 2023, the Court stayed discovery it considered the subject Motion to Dismiss. (*See* ECF Nos. 36-38.)

claim against it, the Court is hard pressed to find any dilatory motive or bad faith on Plaintiff's part for how it pleaded its original Complaint, especially considering the different pleading standards between state court and federal court. Accordingly, the Court will grant Plaintiff leave to amend under Rule 15's liberal standard.

### IV. CONCLUSION

For the reasons discussed, Defendant Bioinicia's Motion to Dismiss and Incorporated Memorandum of Law, ECF No. 24, is **GRANTED**, as Plaintiff has failed to state a claim against Bioinicia under the applicable federal pleading standard. But because this deficiency arguably results from the difference in state and federal standards, and because the Court believes that Plaintiff likely will be able to amend without prejudicing Defendants, the Court **GRANTS** Plaintiff **LEAVE TO AMEND** its Complaint within **FOURTEEN (14) DAYS** of the date of this Opinion and Order. *See Golden Eagle*, 2023 WL 1927799, at *8. Plaintiff is **CAUTIONED** that while its amended Complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, the Court hereby **LIFTS** the **STAY** on discovery, and **DIRECTS** the parties to jointly propose a new pretrial schedule by filing a Rule 26(f) Report no later than **TWENTY-ONE (21) DAYS** after the date of this Opinion and Order.

    **IT IS SO ORDERED.**

Date: April 13, 2023　　　　　　　　　　　　/s/ *Elizabeth A. Preston Deavers*
　　　　　　　　　　　　　　　　　　　　**ELIZABETH A. PRESTON DEAVERS**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**