IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**FEDERAL INSURANCE COMPANY,**

    **Plaintiff,**

    v.                                Case No. 2:22-cv-2267
                                        Magistrate Judge Elizabeth P. Deavers

**NANOSCIENCE INSTRUMENTS,
INC.,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

With the consent of the parties and by Order of Reference (ECF No. 13), pursuant to 28 U.S.C. § 636(c), this matter is before the Court for consideration of Defendant Bioinicia's Motion to Dismiss Plaintiff's First Amended Complaint at Law and Incorporated Memorandum of Law, ECF No. 43 (the "Motion to Dismiss"), and Defendant Bioinicia S.L.'s Motion for Stay of Discovery, ECF No. 47 (the "Motion to Stay Discovery"). For the reasons that follow, the Motion to Dismiss is **DENIED**, and the Motion to Stay Discovery is **DENIED AS MOOT**.

### I. BACKGROUND

Plaintiff Federal Insurance Company A/S/O Nanofiber Solutions, Inc. initiated this action in the Franklin County Court of Common Pleas on April 26, 2022, asserting subrogation claims against Defendants Nanoscience Instruments, Inc. ("Nanoscience") and Bioinicia S.L. ("Bioinicia")[1] related to a machine (the "Subject Product") which allegedly caught on fire and

---

[1] Plaintiff improperly identified Bioinicia S.L. as "Bioinicia" in its Complaint, as well as in the operative Amended Complaint. (ECF Nos. 4, 40.) Bioinicia S.L. refers to itself as "Bioinicia" throughout the subject briefing, however, so for consistency and ease of reference the Court will do the same.

injured Plaintiff's insured, Nanofiber Solutions, Inc. ("Nanofiber"), in April 2020. (ECF No. 4 (the "Complaint").) On May 26, 2022, Nanoscience removed the case to this Court. (ECF No. 1.) On December 21, 2022, Bioinicia filed a motion to dismiss, generally arguing that Plaintiff's claim against it "includes nothing more than a formulaic recitation of certain elements of the respective causes of action." (ECF No. 24.) On April 13, 2023, the Court granted the Motion to Dismiss but granted Plaintiff leave to amend. (ECF No. 39 (the "First Order").)

On April 27, 2023, Plaintiff filed its First Amended Complaint at Law. (ECF No. 40 (the "Amended Complaint").) The Amended Complaint contains identical claims against Nanoscience, but contains additional allegations against Bioinicia which Plaintiff did not allege in the Complaint. (*Id.*) Perhaps the most significant difference between the two pleadings is that where the Complaint had alleged four separate bases for its "Products Liability" claim against Bioinicia, the Amended Complaint only alleges a manufacturing defect claim. (*Compare* ECF No. 4 at PAGEID ## 29-30 *with* ECF No. 40 at PAGEID ## 219-220.)

On May 11, 2023, Bioinicia filed the subject Motion to Dismiss, generally arguing that the Amended Complaint "is again facially defective because it does not include sufficient factual allegations." (ECF No. 43.) Bioinicia argues that the Amended Complaint "continues to include nothing more than a formulaic recitation of certain elements of the respective cause of action," and that Plaintiff has not adequately alleged the elements of its manufacturing defect claim. (*Id.*) In response, Plaintiff argues that the First Amended Complaint cured the only deficiency identified by the Court in the First Order – that Plaintiff failed to allege that the Subject Product failed while in use by the Plaintiff. (ECF No. 45.) In its Reply brief, Bioinicia reasserts that "[t]he amended allegations . . . do not satisfy the minimum [pleading] requirements . . . nor do they comply with [the First Order] and are nothing more than a formulaic recitation of general

2

product liability elements." (ECF No. 46.) Bioinicia also submits that Plaintiff still has failed to identify the specific portion of the Subject Product that allegedly failed, which Bioinicia argues dooms the Amended Complaint. (*Id.*) The Motion to Dismiss is thus fully briefed and ripe for judicial review.

Shortly after the Motion to Dismiss briefing closed, Bioinicia also filed the subject Motion to Stay Discovery pending resolution of the Motion to Dismiss, as the Court had done during the pendency of the first motion to dismiss. (ECF No. 47.) Plaintiff never responded to the Motion to Stay Discovery.

## II. STANDARD OF REVIEW

Bioinicia moves to dismiss the subject Complaint under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 43.) To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a plaintiff must satisfy the basic federal pleading requirements set forth in Rule 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) (emphasis in original) (internal citations omitted).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on

its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford Plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint"; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz–Craft Corp of Mich., Inc.*, 491 F. App'x. 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

### III.  ANALYSIS

In the First Order, the Court set forth the pleading requirements for a manufacturing defect claim as follows:

> First, the parties agree that, at a minimum, Plaintiff must allege the following facts to state its manufacturing defect claim: (1) that Defendant manufactured the Subject Product; (2) that the Subject Product was used by Nanofiber; (3) that the Subject Product failed while being used by Nanofiber; and (4) that the portion of the Subject Product that failed could be identified and is so identified in the Complaint. *See Grubbs v. Smith & Nephew, Inc.*, No. 1:19-CV-248, 2020 WL

4

>   5305542, at *4 (S.D. Ohio Sept. 4, 2020) (quoting *Barreca v. AngioDynamics, Inc.*, No. 4:15-CV-1111, 2015 WL 5085260, at *3 (N.D. Ohio Aug. 27, 2015).  This Court also has noted, however, that "formulaic recitations of the elements do not suffice to adequately plead claims for manufacturing and warrant dismissal." *Id.* at *4 (citing *Frey v. Novartis Pharm. Corp.*, 642 F.Supp.2d 787, 795 (S.D. Ohio 2009)).

(ECF No. 39 at PAGEID # 206.)  Then, applying this authority, the Court found in the First Order that "Plaintiff [had] failed to allege that the Subject Product failed while being used by Nanofiber."  (*Id.* at PAGEID # 207.)  The Court wrote that "[g]enerously construing Plaintiff's Complaint, the Court discerns that the electronic panel portion of the machine was the allegedly defective part, but the Court cannot find any allegation that the Subject Product failed while Nanofiber was using it."  (*Id.* (internal quotation marks omitted).)

Now, upon review of the Amended Complaint, the Court finds that Plaintiff has cured this deficiency by alleging that "[a]t the time the electronic panel portion of the Subject Product caught fire, Nanofiber was using the Subject Product" and that "[t]he Subject Product failed while Nanofiber was using it."  (ECF No. 40 at PAGEID # 220, ¶¶ 25-26.)  These allegations, along with the other allegations supporting Plaintiff's manufacturing defect claim, are sufficient to survive the Motion to Dismiss, consistent with the First Opinion and the overwhelming weight of authority throughout the federal judicial districts in Ohio.  *See Thompson v. DePuy Orthopaedics, Inc.*, No. 1:13-CV-00602, 2014 WL 2874268, *3 (S.D. Ohio June 24, 2014) ("At a minimum, the district courts have required allegations that the defendant manufactured the product, that the product was used by the plaintiff, that the product failed while being used by the plaintiff, and that the portion of the product that failed could be identified and is so identified in the complaint.") (collecting cases).

This ends the inquiry, as Bioinicia affirmatively concedes that "Plaintiff kept a majority of its allegations" from the original Complaint which the Court already found were sufficient to

5

survive at the motion to dismiss stage. (ECF No. 46 at PAGEID # 252.) Indeed, the Court notes that the First Amended Complaint realleges, verbatim, each of the allegations underlying the other elements of the manufacturing defect claim which the Court discussed – and approved – in the First Order. (*Compare* ECF No. 39 at PAGEID # 207 *with* ECF No. 40 at ¶¶ 8 ("At some point prior to April 27, 2020, Nanoscience was engaged by Nanofiber to retool the Subject Product so that it was equipped to make N95 masks"), 9 ("On April 27, 2020 . . . the recently converted machine caught on fire in the electronic panel portion of the machine"), 21 ("Bioinicia designed and/or manufactured, distributed and/or sold in the ordinary course of its business the Subject Product"), 22 (". . . the Subject Product was being used in a foreseeable and reasonably anticipated manner such that Bioinicia should have reasonably known such use").) And while the Court noted in the First Order that it needed to "[g]enerously constru[e]" the Complaint to determine that the electronic panel portion of the Subject Product was defective, Plaintiff even clarified in the Amended Complaint that it was this part which was defective and caught fire. (*See* ECF No. 40 at ¶ 25.) Plaintiff has therefore sufficiently alleged a manufacturing defect claim. *See Thompson*, 2014 WL 2874268, at *3. Accordingly, the Motion to Dismiss is **DENIED**, and the Motion to Stay Discovery is **DENIED AS MOOT**.

## IV. CONCLUSION

For these reasons, Defendant Bioinicia's Motion to Dismiss Plaintiff's First Amended Complaint at Law and Incorporated Memorandum of Law, ECF No. 43, is **DENIED**, and Defendant Bioinicia S.L.'s Motion for Stay of Discovery, ECF No. 47 is **DENIED AS MOOT**.

    IT IS SO ORDERED.

**Date: August 17, 2023**           */s/ Elizabeth A. Preston Deavers*
                                                           **ELIZABETH A. PRESTON DEAVERS**
                                                           **UNITED STATES MAGISTRATE JUDGE**